SFR02261J

Eric J. Wallach [ewallach@kasowitz.com]
Blythe E. Lovinger [blovinger@kasowitz.com]
Joseph A. Piesco, Jr. [jpiesco@kasowitz.com]
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 859-8000

*Attorneys for Plaintiff*

William McGuinness [william.mcguinness@friedfrank.com]
Peter L. Simmons [peter.simmons@friedfrank.com]
Henry Lebowitz [henry.lebowitz@friedfrank.com]
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Defendants*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
ELLIOTT MANAGEMENT CORPORATION,   :
                                  :
                    Plaintiff,    :   08 CV 01872 (JES)
                                  :
          vs.                     :   **STIPULATED**
                                  :   **PROTECTIVE ORDER**
CEDAR HILL CAPITAL PARTNERS, LLC, CEDAR :
HILL CAPITAL PARTNERS ONSHORE, LP, CEDAR :
HILL CAPITAL PARTNERS OFFSHORE, LTD,   :
CEDAR HILL FUND MANAGEMENT, LLC and any :
and all subsidiaries, divisions and affiliates of CEDAR :
HILL CAPITAL PARTNERS, LLC,       :
                                  :
                    Defendants.   :
------------------------------------------------------------- x

   WHEREAS, plaintiff Elliott Management Corporation ("Elliott") and defendants Cedar

Hill Capital Partners, LLC, Cedar Hill Capital Partners Onshore, LP, Cedar Hill Capital Partners

Offshore, Ltd. and Cedar Hill Fund Management, LLC (collectively, "Cedar Hill") believe that

certain information related to the subject matter of this action constitutes proprietary,

confidential or trade secret information within the meaning of Federal Rule of Civil Procedure 26(c) or the laws of the State of New York; and

WHEREAS, Elliott and Cedar Hill believe it would facilitate discovery to produce such information under a protective order pursuant to Federal Rule of Civil Procedure 26(c);

IT IS HEREBY STIPULATED, subject to the approval of the Court, that the following terms shall govern the disclosure of materials and information designated as "Confidential" or "Highly Confidential" as set forth in this Stipulated Protective Order:

1. Either party may designate as "Confidential" any documents, testimony, or other material that a party claims to be proprietary, confidential or trade secret information within the meaning of Federal Rule of Civil Procedure 26(c) or the laws of the State of New York. In determining the scope of information a party may designate as "Confidential," each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and each party agrees that the designation of information as "Confidential" shall be made in good faith and not (a) to impose burden or delay on an opposing party, or (b) for tactical or other advantage in litigation. Each party agrees that, if it is necessary to include "Confidential" information in documents filed with the Court, then such documents shall be submitted in accordance with the provisions of paragraph 12 of this Stipulated Protective Order. The designation "Confidential" as used in this Stipulated Protective Order shall refer to any so designated document, testimony or other material, and all copies and summaries thereof, and shall also refer to the information contained in such materials.

2. Materials designated "Confidential" shall be maintained in confidence by the receiving party's outside counsel, and shall not be disclosed to any person except:

    i. the Court and its officers, and any court reporters who transcribe testimony at depositions, hearings, or trial;

    ii. outside counsel and support staff, including document processing personnel and translators, retained in connection with the subject matter underlying the above-captioned action;

    iii. employees or officers of either party to whom outside counsel determines disclosure is reasonably necessary to provide advice concerning the subject matter underlying the above-captioned action, provided that each such employee or officer has signed an undertaking in the form of Exhibit A hereto;

    iv. third party experts and consultants engaged by counsel or the parties to assist in this litigation, and their support staff, provided that each third party has signed an undertaking in the form of Exhibit A hereto; and

    v. a deponent or other witness who authored, received, or saw the information, or who is otherwise familiar with the information, but only to the extent of the person's familiarity with the information and no material may be disclosed for the purpose of creating familiarity.

3. Subject to the provisions in this paragraph 3, either party may designate as "Highly Confidential" any document, testimony, or other material that the party believes in good faith should not be disclosed to employees of the adverse party because disclosure of such information could have a significant adverse impact on the disclosing party's business, financial

condition, ability to compete, or standing in the industry. The designation "Highly Confidential" shall include documents that reveal proprietary or trade secret information, including without limitation documents concerning (i) the designating party's computer applications, systems, protocols, source code, structures, processes or software, or (ii) financial or investment information related to the designating party's management of its investment funds, including without limitation documents that reflect any investment strategies, methodologies for analysis, fund performance or investment positions, either contemplated or adopted. Each party agrees that, if it is necessary to include "Highly Confidential" information in documents filed with the Court, then such documents shall be submitted in accordance with the provisions of paragraph 12 of this Stipulated Protective Order. The designation "Highly Confidential" shall be used only as appropriate, and shall refer to any so designated document, testimony or other material, and all copies and summaries thereof, and shall also refer to the information contained in such materials.

4. Materials designated "Highly Confidential" shall be maintained in confidence by the receiving party's outside counsel, and shall not be disclosed to any person except:

   i. the Court and its officers, and any court reporters who transcribe testimony at depositions, hearings or trial;

   ii. outside counsel and support staff, including document processing personnel and translators, retained in connection with the subject matter underlying the above-captioned action;

   iii. third party experts and consultants engaged by counsel or the parties to assist in this litigation (excluding consultants employed by the parties in the ordinary course of their business), and their support

    staff, provided that each third party has signed an undertaking in the form of Exhibit A; and

  iv. a deponent or other witness who authored, received, or saw the information, or who is otherwise familiar with the information, but only to the extent of the person's familiarity with the information and no material may be disclosed for the purpose of creating familiarity.

5. Information shall not be designated "Confidential" or "Highly Confidential" if it (i) was, is, or becomes public knowledge, other than by reason of a breach of this Stipulated Protective Order; or (ii) was otherwise obtained lawfully and independently, other than by reason of a breach of this Stipulated Protective Order, through means other than the discovery proceedings in this litigation.

6. The party producing documents or other materials that contain confidential information shall mark such materials as "Confidential" or "Highly Confidential" prior to production by having stamped or affixed on each page (insofar as possible) the words "Confidential" or "Highly Confidential." Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner. Counsel also agree to discuss alternative methodologies in the event the parties agree to inspection of materials prior to copying for production.

7. Nothing in this Stipulated Protective Order shall be taken as indicating that any materials are in fact "Confidential" or "Highly Confidential" or entitled to confidential treatment. In the event a party challenges the propriety of the designation of particular materials, the parties shall promptly meet and confer in good faith to discuss the basis for the designation. If the

parties are unable to agree, the party challenging the designation shall present the dispute to the Court, for the purpose of resolving the question of the appropriateness of the designation, with the party making the designation bearing the burden of demonstrating the appropriateness of the designation. No party shall be obligated to object to any designation at any particular time, and the failure to object will not preclude a subsequent challenge.

8.  Any confidentiality designation that is inappropriate or inadvertently omitted during document production may be corrected by written notification to opposing counsel, and such omission shall not constitute a waiver of any kind. If, prior to receiving such notice of correction, the receiving party has disseminated the information to individuals not authorized to receive it under the corrected designation, the receiving party shall promptly inform the producing party of the occurrence of such dissemination, identify the individuals to whom the information was disseminated, and make all reasonable efforts to retrieve the information from such persons. Each receiving party shall take reasonable steps to ensure that all known uncorrected copies of any such documents are destroyed or returned to the producing party.

9.  Testimony given at a deposition or hearing or trial may be designated "Confidential" or "Highly Confidential" by an appropriate statement at the time of the giving of such testimony, or by designating appropriate portions of the transcript within three (3) days after receipt of the transcript.

10. Material designated as "Confidential" or "Highly Confidential" may be used in connection with enforcing each party's respective legal rights concerning the conduct at issue in this case but may not be used for commercial or personal purposes. No person receiving "Confidential" or "Highly Confidential" materials shall reveal or discuss such information to or with any person who is not entitled to receive such information. Nothing in this Stipulated

Protective Order shall be interpreted to restrict counsel's ethical obligation to advise fully his or her client(s) or to enforce their rights concerning the subject matter underlying the above-captioned action, but this Stipulated Protective Order does require that materials designated "Confidential" or "Highly Confidential" be discussed by counsel with its clients only to the extent necessary to fully advise the client as to the general nature of such materials and the relevance of such materials to the advice being rendered.

11. All materials designated "Confidential" or "Highly Confidential" shall be stored at all times throughout the course of this litigation under the control of outside counsel and the persons permitted access under paragraphs 2 and 4, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order. Within sixty (60) days of the conclusion of this case, all "Confidential" or "Highly Confidential" material and all copies and summaries thereof, shall be returned to the producing party, or counsel shall certify in writing that all such material has been destroyed, with the exception of one archival copy of pleadings, Court exhibits and documents included in submissions to the Court, which may be retained by outside counsel.

12. Whenever any party seeks to file with the Court any material designated "Confidential" or "Highly Confidential," or to file with the Court any pleading, motion, or other paper disclosing any such material or the information contained in such material, that party shall undertake appropriate action to file such material under seal before filing same. The other party shall provide good faith cooperation in connection with any such action. All material filed under seal shall be filed in a sealed envelope and kept under seal by the Clerk of this Court, in accordance with the practice of this District. To facilitate compliance with this Stipulated Protective Order, material filed under the designation "Confidential" or "Highly Confidential"

shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, and shall state thereon that it is filed under the terms of this Stipulated Protective Order.

13. This Stipulated Protective Order is without prejudice to the right of either party to move this Court for an order further restricting disclosure or use of any information, nor shall it preclude the parties from entering into other written agreements designed to protect "Confidential" or "Highly Confidential" information.

14. Nothing in this Stipulated Protective Order shall require production of information that either party contends is protected from disclosure by the attorney-client privilege or the work-product immunity. If information subject to a claim of attorney-client privilege or work-product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced to the other party information subject to a claim of immunity or privilege, the other party on request shall promptly return all copies of the information and shall destroy any newly created derivative document such as a summary of, or comment on, the inadvertently produced information. Nothing in this Stipulated Protective Order shall prohibit a party from seeking an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

15. The terms of this Stipulated Protective Order may be applied to the documents, information, and things received by a party from any person who is not a party to this litigation at the election of such person.

16. This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this action.

17. The parties agree to submit this Stipulated Protective Order for entry by the Court.

18. The parties agree to be bound by the terms of this stipulation pending the entry of this stipulation as an order, and any violation of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

Dated: March ___, 2008

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____
Eric J. Wallach
Blythe E. Lovinger
Joseph A. Piesco, Jr.
1633 Broadway
New York, New York 10019
212-506-1700

*Attorneys for Plaintiff*

Dated: March 11, 2008

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP

By: _____
William McGuinness
Peter L. Simmons
Henry Lebowitz
One New York Plaza
New York, New York 10004
212-859-8000

*Attorneys for Defendants*

SO ORDERED:

Date: 4-1-08        _____
Hon. John E. Sprizzo, U.S.D.J.

### Exhibit A

### UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER

The Undersigned hereby acknowledges that he or she has read the Stipulated Protective Order dated March ___, 2008 and entered in the United States District Court for the Southern District of New York, in the action entitled *Elliott Management Corporation v. Cedar Hill Capital Partners, LLC, et al.*, No. 08 CV 01872 (JES), that he or she understands the terms thereof, and that he or she agrees to be bound by such terms. The Undersigned hereby acknowledges that the United States District Court for the Southern District of New York has subject matter jurisdiction over any matters concerning the Stipulated Protective Order, including but not limited to matters concerning disputes, enforcement, and violations of the Stipulated Protective Order. The Undersigned submits to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any and all matters concerning the Stipulated Protective Order and any information disclosed to the Undersigned in connection therewith.

_____        _____
Signature                                Date

_____
Full name - printed

_____        _____
Present Employer                         Present occupation

_____
Business Address (Residential address if not employed)

564196